MICHAEL I. GOODE, SBN 76568
Attorney at Law
15615 Alton Parkway, Suite 450
Irvine, CA 92615
(949)450-1770 (V)
(949)271-6314 (F)
Attorney for Plaintiff RICHARD ROBERTSON

UNITED STATES DISTRICT COURT

FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROBERTSON,<br><br>Plaintiff.<br><br>vs.<br><br>JACKSON SHRUB SUPPLY, INC. and GARY JACKSON,<br><br>Defendants. | CASE NO:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1. This action arises under the Employee Retirement Income Security Act of 1974 (29 U.S. Section 1001, et.seq.) (hereinafter referred to as "ERISA"), and more particularly Section 502(a)(1)(B) and Section 502(c) of said act.

2. The Court has jurisdiction in this matter under 29 U.S.C. 1132(e).

3. Plaintiff is currently residing in South Pasadena, County of Los Angeles, State of California and is a participant in the JACKSON SHRUB SUPPLY, INC.

RETIREMENT PLAN, within the meaning of 29 U.S.C. Section 1002(7) of ERISA. The qualified participant's name is JACKSON SHRUB SUPPLY, INC.

4. Defendant JACKSON SHRUB SUPPLY, INC operates a qualified employees pension or retirement plan under Section 401 of the Internal Revenue Code (1954) as amended and an employee pension plan within the meaning of 29 U.S.C. Section 1002(2)(A) and 1002(35) and was adopted on/or before this date. Defendant GARY JACKSON is the Trustee of said Plan, and each have a business location in the County of Los Angeles, State of California.

## COUNT I

5. Plaintiff RICHARD ROBERTSON realleges and repleads and incorporates by reference as though set out in full Paragraph 1 through 4, of this Complaint.

6. On/or about 1997, Plaintiff was employed by Defendant JACKSON SHRUB SUPPLY, INC, hereinafter recited as Employer, and remained continuously employed under the terms of the Pension Plan until on/or about 2013.

7. On/or about June 2014 Plaintiff was advised that he would not receive the benefits promised by Defendants. Plaintiff appealed and was denied the promised benefits.

8. The benefits due are vested under the plan and Plaintiff has complied with all reasonable conditions in order to receive such retirement benefits.

9. Defendants, and each of them, erroneously and improperly have refused to commence paying Plaintiff his retirement benefits.

10. Defendants, and each of them, failed to provide Plaintiff with the opportunity for a full and fair review of his claim.

11. The above mentioned decision of the Retirement Committee of Defendant Employer denying Plaintiff benefits due under the terms of the Pension Plan was arbitrary, capricious, and not meeting good faith, unsupported by substantial evidence, erroneous as a matter of law and in violation of ERISA.

12. As a direct and proximate result of the actions of Defendants JACKSON SHRUB SUPPLY, INC. RETIREMENT PLAN, Plaintiff has been caused to incur attorney's fees in an amount currently not known to Plaintiff.

13. As a direct and proximate result of the above Defendant's actions, Plaintiff has lost benefits in an amount not yet fully ascertained by Plaintiff, but upon belief and information this such loss approximates the amount of benefits due under the terms of the Pension Plan.

**COUNT II**

14. Plaintiff hereby realleges and repleads and incorporates by this reference as though set out in full Paragraphs 1 through 13 as alleged in this Complaint.

15. On/or about April 15, 2014, Plaintiff was entitled to receive copies of the latest Summary Plan Description of plan description in question.

16. Defendants, and each of them, failed to respond to Plaintiff's inquiry.

17. As direct and proximate result of the actions of Defendant, and each of them, Plaintiff has been caused to incur attorney's fees in an amount not known to Plaintiff.

**DEMAND FOR JURY TRIAL**

18. Plaintiff hereby demands a trial by Jury.

**WHEREFORE**, Plaintiff prays Judgment as follows:

**COUNT I**

1. For an Order for Defendant Pension Plan to pay Plaintiff all Retirement Benefits accrued and unpaid to the date of this judgment;

2. An Order to Defendants, and each of them, to designate the Plaintiff as an eligible participant under the Plan and to pay Plaintiff monthly pension as fully ascertained herein;

3. That Plaintiff be awarded attorney's fees and costs of this action;

4. For such other and further relief as the Court may deem just and proper.

**COUNT II**

1. For an Order requiring the above Defendants, and each of them, to Plaintiff $100.00 per day, commencing thirty (30) days after the date from which delivery of the above referenced documentation was made;

2. Imposition of such other penalties against Employer as deemed just and proper;

3. An award of reasonable attorney's fees and costs of this action; and

4. For such other and further relief as this Court deem just and proper.

LAW OFFICES OF MICHAEL I. GOODE

Dated: 1-28-'15

MICHAEL I. GOODE, Attorney for Plaintiff RICHARD ROBERTSON